IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| VIRGINIA BELL, | ) | |
| | ) | No. 4:09-CV-00090-JEG-CFB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VERACITY FINANCIAL GROUP, LLC, | ) | REPORT AND RECOMMENDATION |
| and JOSH DAVIS, | ) | FOR DEFAULT JUDGMENT |
| | ) | AND ORDER SETTING DEADLINES |

      This matter came before the Court for hearing on Plaintiff's Motion for Sanctions, including default judgment, for failure to complete discovery (Clerk's No. 20).  Hearing was held April 19, 2010; appearing were Ray Johnson for Plaintiff Virginia Bell, and Ted Sporer for Defendants Veracity Financial Group and Josh Davis.  Based upon discussions with counsel and a review of the file, the Court FINDS and ORDERS:

      1.  On December 14, 2009, Plaintiff filed a Motion to Compel to obtain discovery responses and Initial Disclosures from both Defendants.  On January 27, 2010, the Court granted the Motion to Compel, and ordered Defendants to provide the required discovery no later than February 16, 2010 (Clerk's #17).  This order advised Defendants that failure to respond to discovery requests and to provide the Fed. R. Civ. P.  26 Initial Disclosures would result in sanctions, including entering default judgments, and awarding the relief Plaintiff seeks.

      2.  In the Motion for Sanctions, and at the hearing, counsel indicated that  Defendants have still not provided Plaintiff with  discovery responses nor Initial Disclosures.  It is Defendant Veracity Financial Group's intention to file a Bankruptcy Petition, and seek protection from this claim. Defendant Josh Davis has left employment of Veracity Financial Group.

      3.  Pursuant to Fed. R. Civ. P.  37(b)(2)(A), sanctions are imposed for failure to comply with the court's order regarding discovery; additionally, IT IS RESPECTFULLY RECOMMENDED that a default judgment be entered against each Defendant. By April 30, 2010, Defendants shall answer Interrogatories 2, 3,5, 13 and 14, plus Requests for Production 2 and 5; Defendants shall also provide the Initial Disclosures as required by Fed. R. Civ. P. 26.

      4.  IT IS ORDERED that the parties have until, May 3, 2010, to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997).  The Court will freely grant such extensions.  Any objections filed must identify the specific portion of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357.  Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

      5.  An evidentiary hearing on the issue of remedies (assuming this report and recommendation is adopted by the District Court) will be held before the undersigned at 9:00 a.m. on May 14, 2010.

      IT IS SO ORDERED.

      Dated this 21st day of April, 2010.

_____
CELESTE F. BREMER
UNITED STATES MAGISTRATE JUDGE